IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HARPER, #182985, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03-CV-621-F |
| | ) | WO |
| | ) | |
| PAUL WHALEY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Timothy Harper ["Harper"], a former state inmate, contends that the defendant violated his constitutional rights during the classification process. Paul Whaley, the Director of Classification for the Alabama Department of Corrections, is the sole defendant in this cause of action.

Defendant Whaley filed a special report and supporting evidentiary materials addressing the plaintiff's claim for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of October 23, 2003 - Court Doc. No. 15*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## I.  FACTS

In 1999 a Madison County grand jury issued a four-count indictment against the plaintiff charging him with attempted murder, criminal tampering, third degree burglary and theft of property. Harper negotiated a plea agreement with the State. *See Plaintiff's Exhibit B*. Pursuant to this agreement, Harper entered a guilty plea to criminal tampering and third degree burglary whereas the State nolle prossed the attempted murder and theft charges. During Harper's incarceration on these offenses, correctional officials relied on the facts underlying the charged offenses for classification purposes. Specifically, classification personnel utilized the details in the pre-sentence investigation report referencing Harper's attempt to strike a police officer with his truck. *See Defendant's Exhibit A - PSI Report of Timothy Michael Harper* ("Officer Young ran to the passenger side of his vehicle and Harper swerved the truck and drove toward the side of the patrol unit in an attempt to hit Officer Young.").

Harper complains that defendant Whaley violated his due process rights when he allowed "false or incorrect information contained in Plaintiff's prison files to be used in decisions related to classification purposes even after [plaintiff informed] Mr. Whaley that the information was incorrect. . . . [T]he incorrect information being used is a charge of Assault with Intent to Murder that was dismissed/nol-prossed . . ." *Plaintiff's Complaint* at 3-4. Harper seeks declaratory relief and expungement of this information from his prison records.

## II.  STANDARD OF REVIEW

To survive a defendant's properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim.  Rule 56(e), *Federal Rules of Civil Procedure*.  Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir.

1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).   Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, the plaintiff has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

Harper contends that defendant Whaley violated his constitutional rights when he permitted the use of false or incorrect information for classification purposes.  In support of this claim, Harper asserts that classification personnel improperly relied on unproven information because "he has never been convicted of the charge of Assault with intent to Murder. . ." *Plaintiff's November 24, 2003 Response to Defendant's Special Report - Court Doc. No. 21* at 1.

The plaintiff has no constitutionally protected interest to a particular custody classification. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979*).*  However, in *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  The appellate court carefully distinguished its

holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id*. In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. Defendant Whaley maintains that the information contained in Harper's records is correct and that any reliance on this information therefore did not violate the plaintiff's constitutional rights. *See Defendant's Special Report - Affidavit of Paul Whaley* at 2 (Harper's classification is based on "facts of record" contained in the PSI. "The PSI will always have greater credibility than any puerile

assertions by a criminal offender."). There is no admission by defendant Whaley that the information about which Harper complains is false, incorrect or erroneous. Additionally, defendant Whaley does not dispute the plaintiff's assertion that he was never convicted of attempted murder for the actions taken against officer Young. Harper has failed to come forward with any evidence that the defendant knowingly used or allowed the use of false information during the classification process. Nevertheless, even without evidence to the contrary, Harper's assertion does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim."). Moreover, the law is well settled that it is the nature and circumstances of a crime, not the type or nomenclature of the conviction, which legitimately may be used by prison authorities to determine the custody classification of prisoners. *Cf. Hendking v. Smith*, 781 F.2d 850 (11th Cir. 1986).

The record in this case establishes that defendant Whaley did not rely on ***admittedly*** false information to determine Harper's custody classification. Consequently, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendant.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by defendant Whaley be GRANTED.

2. Judgment be GRANTED in favor of the defendant.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 9, 2005 the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 27th day of July, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE